**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4372**

UNITED STATES OF AMERICA,

                                                      Plaintiff - Appellee,

      versus

JERMAINE TERRELL STRANGE,

                                                 Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.   Terrence W. Boyle, District Judge.  (5:95-cr-00083-BO-11)

Submitted:  November 30, 2007     Decided:  December 21, 2007

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Terrell Strange appeals from his forty-five-month sentence for violating his supervised release. On appeal, he argues that his sentence is unreasonable. For the reasons that follow, we affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). Here, it is uncontested that Strange sold crack cocaine on three occasions within one year of his release from confinement and that the district court sentenced Strange within his properly-calculated advisory sentencing range of 37-46 months. (J.A. 23). See U.S. Sentencing Guidelines Manual § 7B1.4(a) (2006). Under these circumstances, we do not find that the district court's sentence was plainly unreasonable. Crudup, 461 F.3d at 437; see Rita v. United States, 127 S. Ct. 2456, 2469 (2007) (noting that "[w]here a [sentencing] matter is . . . conceptually simple" and the record makes clear that the sentencing judge considered the evidence and arguments "we do not believe the law requires the judge to write more extensively.").

Accordingly, we affirm Strange's sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED